IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

APRIL 1997 SESSION

FILED

July 8, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | C.C.A. No. 03C01-9610-CR-00370 |
| | ) | |
| Appellee, | ) | HAMBLEN COUNTY |
| | ) | |
| VS. | ) | **HON. BEN K. WEXLER, JUDGE** |
| | ) | |
| CHRISTIAN KING FISHER, | ) | (DUI, Speeding) |
| | ) | |
| Appellant. | ) | |

FOR THE APPELLANT:

**JIM W. STAMBAUGH**
P. O. Box 1003
Morristown, TN 37816-1003

FOR THE APPELLEE:

**JOHN KNOX WALKUP**
Attorney General and Reporter

**MARVIN E. CLEMENTS, JR.**
Assistant Attorney General
450 James Robertson Parkway
Nashville, TN 37243-0493

**C. BERKELEY BELL**
District Attorney General

**VICTOR VAUGHN**
Assistant District Attorney General
510 Allison Street
Morristown, TN 37814

**OPINION FILED:** _____

**AFFIRMED**

**JOE G. RILEY,**
**JUDGE**

**O P I N I O N**

Defendant, Christian King Fisher, was convicted by a Hamblen County jury of driving under the influence of an intoxicant and speeding. The sole issue in this appeal is whether the trial court denied the defendant his right to an impartial jury by failing to excuse certain jurors for cause. We AFFIRM the judgment of the trial court.

## I.

During *voir dire* defense counsel asked the following hypothetical to the jury panel:

> "In other words, let's say the Tennessee law says there's supposed to be one zero [.10%], and somebody has a point zero three [.03%], ... would you feel like that person is guilty of DUI?"

Two (2) jurors indicated in the affirmative and were challenged for cause. The trial judge then explained to the jury in detail that to be convicted it must be shown that a defendant was driving under the influence, not the fact that he had a certain amount of alcohol. All jurors indicated they could follow the law. The trial judge did not grant the challenge for cause.

Defense counsel subsequently asked the panel the following:

> "Still, assume for the purpose of this question, and this is an assumption, that someone had a point zero three [.03%] reading, and the state of Tennessee law says it takes a point one zero [.10%] to be under the influence, how many of you would convict a defendant that had a point zero three [.03%] reading?"

Five (5) jurors indicated in the affirmative. The trial court then noted the jurors might not understand what .10% and .03% means. After a further explanation from the court, the jurors indicated they could follow the law.

Defense counsel challenged for cause the jurors who had indicated in response to counsel's questions that they would convict based upon a .03% reading. After these challenges for cause were denied, defense counsel exercised all three (3) peremptory challenges allowed in a misdemeanor case. Defendant contends that because of the trial court's refusal to excuse two (2) named jurors for cause, he was forced to exercise his peremptory challenges as to those jurors. He, therefore, argues he was forced to

accept two (2) other jurors that he would have otherwise peremptorily challenged.

## II.

We first note that the questions were confusing to a jury who, at that time in *voir dire*, had been given no explanation about the inferences that could be drawn from blood alcohol readings.[1] Furthermore, defense counsel misstated the law by telling the jury "it takes a point one zero [.10%] to be under the influence..." A defendant can be guilty of driving under the influence even without a blood alcohol test indicating a .10% or greater. Tenn. Code Ann. § 55-10-401; State v. Gilbert, 751 S.W.2d 454 (Tenn. Crim. App. 1988). The trial court has wide discretion in ruling on the qualifications of a juror. State v. Kilburn, 782 S.W.2d 199, 203 (Tenn. Crim. App. 1989). The trial court did not abuse its discretion in refusing to excuse the jurors for cause.

Irrespective of whether the trial judge should have excluded the challenged jurors for cause, any possible error is harmless unless the jury who actually heard the case was not fair and impartial. State v. Howell, 868 S.W.2d 238, 248 (Tenn. 1993); State v. Thompson, 768 S.W.2d 239, 246 (Tenn. 1989). The failure to correctly excuse a juror for cause is grounds for reversal only if the defendant exhausts all of his peremptory challenges and an incompetent juror is forced upon him. Ross v. Oklahoma, 487 U.S. 81, 89, 108 S.Ct. 2273, 2279, 101 L.Ed.2d 80 (1988); State v. Jones, 789 S.W.2d 545, 549 (Tenn. 1990). Although defendant exercised all of his peremptory challenges, he has not shown that an incompetent juror was forced upon him.

The judgment of the trial court is AFFIRMED.

---

[1] In fact, the defendant did not have a .03% reading but rather had a .13% reading.

_____
JOE G. RILEY, JUDGE

CONCUR:

_____
JERRY L. SMITH, JUDGE

_____
CHRIS CRAFT, SPECIAL JUDGE